## Martin v. Commonwealth.

(Decided January 26, 1923.)

### Appeal from Floyd Circuit Court.

Intoxicating Liquors—Evidence.—Evidence examined and held to show that defendant sold whiskey unlawfully within a year before the finding of the indictment, and that the verdict was not flagrantly against the evidence.

B. M. JAMES for appellant.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellant was convicted of the offense of unlawfully transporting spirituous, vinous, malt and intoxicat-

ing liquors, and his punishment fixed at a fine of $300.00 and 60 days in jail. He urges for reversal of that judgment only that there was no evidence that the offense was committed within a year before the finding of the indictment, and that the verdict is flagrantly against the evidence.

The prosecuting witness, Salisbury, testified that he bought whiskey of the defendant in the presence of Maryland Martin and Crit Martin at Maryland Martin's home, at a time when Henry Wright had accompanied him to the place for the purpose of buying whiskey, but that he did not know whether or not it was within twelve months next before the date the indictment was returned.

Henry Wright, however, testified that upon the occasion described by the prosecuting witness, he accompanied him to the Martin place and stood on the outside while the defendant went in, and that when he came out he had the quantity of whiskey that he had testified he bought from defendant, and that this occurred during Christmas week, 1921, which was within the year next before the finding of the indictment.

Maryland and Crit Martin also testified that upon that occasion they saw the prosecuting witness and Henry Wright at Paris Martin's place, but that they did not see the defendant sell either any whiskey.

It is therefore clear that there is no merit in either of defendant's contentions, since the witnesses other than Salisbury fix the time of the sale as described by him within the year, and the fact that the testimony of Salisbury and Miller that the former then purchased the whiskey of the defendant is denied by the defendant and two other witnesses, made the question of whether or not the sale was in fact made one for the jury, and the further fact that there were more witnesses for the defendant than for the Commonwealth is not sufficient to justify us in holding that the verdict is flagrantly against the evidence.

Judgment affirmed.